**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AIRLINES FOR AMERICA, *et al.*,<br><br>Petitioners,<br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION and UNITED STATES OF AMERICA,<br><br>Respondents. | Case No. 24-1359<br>26-1013<br>26-1014<br>26-1015<br>26-1016<br>26-1017<br>26-1018<br>26-1019<br>26-1020<br>26-1022<br>(Consolidated) |

**MOTION FOR LEAVE TO INTERVENE OF BUCKEYE PARTNERS, L.P., COLONIAL PIPELINE COMPANY, ENERGY TRANSFER LP, ENTERPRISE PRODUCTS PARTNERS L.P., AND PLAINS ALL AMERICAN PIPELINE, L.P.**

Buckeye Partners, L.P., Colonial Pipeline Company, Energy Transfer LP, Enterprise Products Partners L.P., and Plains All American Pipeline, L.P. (collectively the "Designated Carriers") respectfully file this Motion for Leave to Intervene in the above-captioned proceedings. FED. R. APP. P. 15(d), 27; Cir. R. 15(b).

## I. OVERVIEW

1. In the underlying administrative proceedings, the Federal Energy Regulatory Commission ("FERC") issued several orders that are relevant here.

First, in December 2020, FERC issued an order establishing an index level of the Producer Price Index for Finished Goods ("PPI-FG") at plus 0.78% for the five-year period July 1, 2021 through June 30, 2026. *Five-Year Review of the Oil Pipeline Index*, Order Establishing Index Level, Docket No. RM20-14-000, 173 FERC ¶ 61,245 (Dec. 17, 2020) ("Initial Order"). Then, in January 2022, after the index of PPI-FG plus 0.78% had become effective and had been in place for approximately eight months, FERC issued an order granting, in part, requests for rehearing of the Initial Order that were filed by shippers, some of which are Petitioners in this proceeding, the effect of which reduced the index to PPI-FG minus 0.21%. *Five-Year Review of the Oil Pipeline Index*, Order on Rehearing, Docket No. RM20-14-001, 178 FERC ¶ 61,023 (Jan. 20, 2022) ("January 2022 Rehearing Order"). Upon the petitions filed by the Designated Carriers and the Liquid Energy Pipeline Association ("LEPA"), this Court vacated the January 2022 Rehearing Order and ordered FERC to "reinstate the Initial Order." *LEPA v. FERC*, 109 F.4th 543, 545, 549 (D.C. Cir. 2024). In accordance with that directive, FERC reinstated the initial index and permitted pipelines to "prospectively increase their indexed rates." *Five-Year Review of the Oil Pipeline Index*, Order Reinstating Index Level, Docket No. RM20-14-003, 188 FERC ¶ 61,173, at PP 1-2 (Sept. 17, 2024) ("Order Reinstating Initial Index").

2. In October 2024, FERC issued a supplemental notice of proposed rulemaking, proposing to amend the initial order, reduce the index back to PPI-FG minus 0.21% for the remainder of the five-year period ending on June 30, 2026, and requiring pipelines to recalculate the index ceiling levels and retroactively apply this index effective from July 1, 2021. *See Supplemental Review of the Oil Pipeline Index Level*, Supplemental Notice of Proposed Rulemaking, Docket No. RM25-2-000, 189 FERC ¶ 61,030, at PP 1, 2, 11-12, 37 (Oct. 17, 2024) ("Supplemental NOPR").

3. On November 18, 2024, Airlines for America, Chevron Products Company (a division of Chevron U.S.A. Inc.), National Propane Gas Association, and Valero Marketing and Supply Company ("Initial Petitioners") filed a petition for review with this Court seeking review of the Initial Order and the Order Reinstating Initial Index. *See* Petition for Review, No. 24-1359 (filed Nov. 18, 2024). On December 18, 2024, the Designated Carriers filed a Motion to Intervene in the proceeding. *See* Motion for Leave to Intervene, No. 24-1359 (filed Dec. 18, 2024).

4. Respondent FERC filed a consent motion with the Court to hold the petition in abeyance pending the conclusion of rehearing proceedings before the FERC until the conclusion of the underlying FERC proceedings in regards to the Supplemental NOPR. *See* Consent Motion of Respondent to Hold Appeal in

Abeyance at 1-2, No. 24-1359 (filed Dec. 19, 2024). The Court granted this Motion on January 15, 2025. *See* Order, No. 24-1359 (D.C. Cir. Jan. 15, 2025) ("Abeyance Order").

5. On November 20, 2025, FERC issued an Order Denying Rehearing, Denying Petition and Granting Remedies ("Remedies Order") in FERC Docket Nos. RM93-11-003, RM20-14-003 and RM20-14-004, wherein it denied rehearing of the Order Reinstating Initial Index and ruled that pipelines were entitled to certain relief for the period during which the January 2022 Rehearing Order was improperly in effect. *Five-Year Review of the Oil Pipeline Index*, Order Denying Rehearing, Denying Petition and Granting Remedies, Docket No. RM20-14-003 *et al.*, 193 FERC ¶ 61,137, at PP 1-2, 18 (Nov. 20, 2025). On that same day, FERC issued an order withdrawing the Supplemental NOPR. *Supplemental Review of the Oil Pipeline Index Level*, Withdrawal of Supplemental Notice of Proposed Rulemaking and Termination of Rulemaking Proceeding, Docket No. RM25-2-000, 193 FERC ¶ 61,136, at P 42 (Nov. 20, 2025) ("Withdrawal Order").

6. On January 16, 2026, the following participants in the underlying FERC proceedings filed petitions for review seeking review of FERC's Remedies Order and Withdrawal Order:

- Cenovus Energy Marketing Services Ltd., ConocoPhillips Company and Ovintiv Marketing Inc. (D.C. Cir. Case No. 26-1013);
- ExxonMobil Oil Corporation (D.C. Cir. Case No. 26-1014);
- PennEnergy Resources LLC (D.C. Cir. Case No. 26-1015);
- Range Resources - Appalachia, LLC (D.C. Cir. Case No. 26-1016);
- Airlines for America, Chevron Products Company (a division of Chevron U.S.A. Inc.), National Propane Gas Association, and Valero Marketing and Supply Company (D.C. Cir. Case Nos. 26-1017 and 26-1018); and
- Pilot Travel Centers LLC and Murphy Oil USA, Inc. (D.C. Cir. Case Nos. 26-1019 and 26-1020).

On January 20, 2026, Antero Resources Corporation filed a Petition for Review of the Remedies Order, the Withdrawal Order, and the FERC's Order Denying Petition for Emergency Relief (193 FERC ¶ 61,214 (Dec. 18, 2025)) with this Court (Case No. 26-1022).

7. On its own motion, the Court consolidated the above Petitions filed on January 21, 22, and 23, 2026 with Case No. 24-1359 and held them in abeyance pursuant to the Abeyance Order issued on January 15, 2025. *See* Orders, *Airlines*

*for America et al. v. FERC*, No. 24-1359 (consolidated) (D.C. Cir. Jan. 21-23, 2026).

8. Although the Designated Carriers filed a Motion for Leave to Intervene on December 18, 2024, in response to the Petitions filed by Initial Petitioners in October, 2024, numerous additional parties have filed petitions for review of several other orders since that time. To ensure that their interests are fully represented with respect to the review of all of the additionally challenged orders, the Designated Carriers are filing this Motion for Leave to Intervene in the current consolidated proceeding.

9. Each of the Designated Carriers has a direct and substantial interest that will be affected by this review proceeding and that cannot be adequately represented by any other party. *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015). Each of the Designated Carriers owns oil pipeline assets that are subject to the jurisdiction of and regulation by the FERC, and whose tariff rates and revenues have been and will be directly affected by the index established by FERC pursuant to the challenged orders, as well as the remedies ordered by FERC in the Remedies Order. *Id.* at 318. In addition, each of the Designated Carriers was an active participant in the proceedings before this Court and FERC that resulted in the Initial Order, the January 2022 Rehearing Order, the vacatur of the January 2022 Rehearing Order, the Order Reinstating

Initial Index, the Remedies Order, and the Withdrawal Order. *See* Initial Order at P 2 n.2; January 2022 Rehearing Order at P 1 n.4; LEPA v. FERC, 109 F.4th at 546; Remedies Order at P 4 n.9; Withdrawal Order at P 16 n.39.

10. Based on the Federal Rules of Appellate Procedure, this Motion is timely because it has been filed within the deadline established for filing such motions. Specifically, FED. R. APP. P. 15(d) states that Motions to Intervene must be filed within 30 days of the date the Petition at issue was filed. The 30-day deadline in this instance occurred on Sunday, February 15, 2026, which meant that the deadline was moved to the next business day. Because the next business day of February 16, 2026 was a federal holiday, the deadline was moved to February 17, 2026, the date of this filing.

11. Pursuant to the Federal Rule of Appellate Procedure and Rules 26.1 and 15(c)(6) of this Court, each of the Designated Carriers have attached an updated Corporate Disclosure Statement to this Motion.

## III. CONCLUSION

Wherefore, premises considered, the Designated Carriers respectfully request that this Court grant this Motion to Intervene and that the Designated Carriers be permitted to participate as parties to this proceeding with all the rights attached thereto.

Respectfully submitted,

/s/ Elizabeth B. Kohlhausen
Elizabeth B. Kohlhausen
CBL Energy Law PLLC
D.C. Cir. Bar No. 52231
1800 West Loop South, Suite 1680
Houston, Texas 77027
713-357-6776
ekohlhausen@cblenergylaw.com

*Counsel for the Designated Carriers*
Buckeye Partners, L.P., Colonial Pipeline Company, Energy Transfer LP, Enterprise Products Partners L.P., and Plains All American Pipeline, L.P.

Dated: February 17, 2026

## CORPORATE DISCLOSURE STATEMENT OF BUCKEYE PARTNERS, L.P.

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and the Rules of this Court, Buckeye Partners, L.P. respectfully submits this Corporate Disclosure Statement.

Buckeye Partners, L.P. ("Buckeye") is a limited partnership organized and existing under the laws of the State of Delaware and has its principal place of business at 200 Park Place, 4200 Westheimer Road, Suite 975, Houston, TX 77027. Buckeye is a wholly owned investment of the IFM Global Infrastructure Fund.

Dated: February 17, 2026

/s/ *Elizabeth B. Kohlhausen*

Elizabeth B. Kohlhausen
CBL ENERGY LAW PLLC
1800 West Loop South, Suite 1680
Houston, Texas 77027
ekohlhausen@cblenergylaw.com

*Counsel for Buckeye Partners, L.P.*

# CORPORATE DISCLOSURE STATEMENT OF COLONIAL PIPELINE COMPANY

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and the Rules of this Court, Colonial Pipeline Company respectfully submits this Corporate Disclosure Statement.

Colonial Pipeline Company is a corporation incorporated under the laws of the State of Delaware and the Commonwealth of Virginia. Colonial Pipeline Company is a portfolio company of Brookfield Infrastructure Partners L.P. ("BIP"), which, along with institutional partners, recently acquired 100% of Colonial Enterprises, Inc., the parent company of Colonial Pipeline Company. BIP is a publicly traded company.

Dated: February 17, 2026

/s/ *Elizabeth B. Kohlhausen*

Elizabeth B. Kohlhausen
CBL Energy Law PLLC
1800 West Loop South, Suite 1680
Houston, Texas 77027
ekohlhausen@cblenergylaw.com

*Counsel for Colonial Pipeline Company*

# CORPORATE DISCLOSURE STATEMENT OF ENERGY TRANSFER LP

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and the Rules of this Court, Energy Transfer LP respectfully submits this Corporate Disclosure Statement.

Energy Transfer LP ("Energy Transfer") is a publicly traded master limited partnership. Energy Transfer's limited partner units are publicly traded on the New York Stock Exchange under the symbol ET. The general partner interest of Energy Transfer is held by LE GP, LLC, a Delaware limited liability company that is privately held. No publicly traded company owns 10 percent or more of the publicly traded limited partner units of Energy Transfer. Energy Transfer owns at least an indirect 50% interest in Permian Express Partners LLC, Bayou Bridge Pipeline LLC, White Cliffs Pipeline LLC, Orbit NGL Gulf Coast Exports, LLC, West Texas Gulf Pipeline LLC, Sunoco Pipeline L.P., Mid-Valley Pipeline Company LLC, Permian Express Terminal LLC, and ETP Crude LLC.

Dated: February 17, 2026

/s/ *Elizabeth B. Kohlhausen*
Elizabeth B. Kohlhausen
CBL ENERGY LAW PLLC
1800 West Loop South, Suite 1680
Houston, Texas 77027
ekohlhausen@cblenergylaw.com

*Counsel for Energy Transfer LP*

# CORPORATE DISCLOSURE STATEMENT OF ENTERPRISE PRODUCTS PARTNERS, L.P.

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and the Rules of this Court, Enterprise Products Partners, L.P. respectfully submits this Corporate Disclosure Statement.

Enterprise Products Partners, L.P. ("Enterprise") is a publicly traded master limited partnership. Enterprise's limited partner units are publicly traded on the New York Stock Exchange under the symbol EPD. The general partner interest of Enterprise is held by Enterprise Products Holdings LLC, a privately held entity. No publicly traded company owns 10 percent or more of the publicly traded limited partner units of Enterprise. Enterprise owns a 50% interest in Seaway Crude Pipeline Company, LLC.

Dated: February 17, 2026

/s/ *Elizabeth B. Kohlhausen*

Elizabeth B. Kohlhausen
CBL ENERGY LAW PLLC
1800 West Loop South, Suite 1680
Houston, Texas 77027
ekohlhausen@cblenergylaw.com

*Counsel for Enterprise Products Partners, L.P.*

## CORPORATE DISCLOSURE STATEMENT OF PLAINS ALL AMERICAN PIPELINE, L.P.

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and the Rules of this Court, Plains All American Pipeline, L.P. respectfully submits this Corporate Disclosure Statement.

Plains All American Pipeline, L.P. ("Plains") is a publicly traded master limited partnership organized under the laws of the State of Delaware and has its principal place of business at 333 Clay Street, Suite 1600, Houston, TX 77002. Plains' limited partner units are publicly traded on the Nasdaq under the symbol PAA. Plains GP Holdings, L.P. ("PAGP") indirectly owns 10% or more of the outstanding common units of Plains. PAGP's limited partner units are publicly traded on the Nasdaq under the symbol of PAGP. PAGP has no parent corporation and no publicly held company owns 10 percent or more of it.

Dated: February 17, 2026

/s/ *Elizabeth B. Kohlhausen*
Elizabeth B. Kohlhausen
CBL ENERGY LAW PLLC
1800 West Loop South, Suite 1680
Houston, Texas 77027
ekohlhausen@cblenergylaw.com

*Counsel for Plains All American Pipeline, L.P.*

# CERTIFICATE OF COMPLIANCE

1. The Motion for Leave to Intervene of Buckeye Partners, L.P., Colonial Pipeline Company, Energy Transfer LP, Enterprise Products Partners L.P., and Plains All American Pipeline, L.P. ("Motion") complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the Motion contains 1,340 words.

2. The Motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5), and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6), because the Motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman, 14-point font.

*/s/ Elizabeth B. Kohlhausen*

Elizabeth B. Kohlhausen
CBL Energy Law PLLC
1800 West Loop South, Suite 1680
Houston, TX 77027
(713) 357-6776
ekohlhausen@cblenergylaw.com

**CERTIFICATE OF SERVICE**

Pursuant to Rule 25(c) of the Federal Rules of Appellate Procedure and Circuit Rule 25(d) of this Court, I hereby certify that I have, this 17th day of February, 2026, served a copy of the foregoing document electronically through the Court's CM/ECF system on all registered counsel.

*/s/ Elizabeth B. Kohlhausen*
Elizabeth B. Kohlhausen
CBL Energy Law PLLC
1800 West Loop South, Suite 1680
Houston, TX 77027
(713) 357-6776
ekohlhausen@cblenergylaw.com